UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HARVEY M. ABERNATHY, et al.,<br><br>Defendants. | No. 2:13-cv-0590 KJM DAD<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter came before the court on November 22, 2013, for hearing of plaintiff's motion for default judgment against defendant the State of California Employment Development Department, defendant Colorado Compensation Insurance Authority AKA Pinnacol Authority AKA Pinnacol Assurance, and defendant Superior Electric Supply Co., a division of Rose Electric Supply, Inc. (Dkt. No. 22.) U.S. Department of Justice Tax Division Trial Attorney Adam Smart appeared telephonically on behalf of the plaintiff. No appearance was made by or on behalf of any defendant. At that time oral argument was heard and the motion was taken under submission.[1] Having considered all written materials submitted with respect to the motion,

---

[1] At the hearing, plaintiff's counsel suggested that the court delay addressing the motion for default judgment until either the validity of plaintiff's tax liens and property attachment had been determined or a settlement had been reached with defendants Harvey Abernathy and Julie Abernathy, both of whom who have appeared in this action. (Dkt. No. 26 at 2-3.) The undersigned did so. Finally, on August 4, 2014, plaintiff filed a proposed stipulated judgment between plaintiff and both defendants Harvey and Julie Abernathy. (Dkt. No. 60.)

1

and after hearing oral argument, the undersigned recommends that the motion for default judgment be granted.

PROCEDURAL BACKGROUND

Plaintiff initiated this action on March 26, 2013, to reduce tax assessments to judgment and to foreclose federal tax liens on real property pursuant to 26 U.S.C. §§ 7401, 7403. (Dkt. No. 1.) The real property that is the subject of this action is located at 9472 Blackswain Place, in Stockton, CA 95219 ("Blackswain Property"). Named as defendants in the complaint are Harvey M. Abernathy, Julie D. Abernathy, the State of California Employment Development Department, Livingston & Mattesich Law Corp., Superior Electric Supply Co., a division of Rose Electric Supply, Inc., the Colorado Compensation Insurance Authority, aka Pinnacol Assurance, and San Joaquin County.

According to plaintiff's compliant, defendant Harvey Abernathy was named as a defendant because his tax liabilities are the subject of the action. The remaining defendants were named as defendants because they may have claimed at one time an interest in the Blackswain Property. (Compl. (Dkt. No. 1) at 3.[2]) As evidenced by the proofs of service filed by plaintiff, defendants were served with a copy of plaintiff's complaint and summons. (Dkt. Nos. 6 & 16.)

On May 24, 2013, defendant San Joaquin County filed a notice disclaiming any right, title, or interest in the Blackswain Property. (Dkt. No. 4.) On May 30, 2013, plaintiff and defendant Livingston & Mattesich Law Corp., also filed a stipulated disclaimer of interest, stipulating that it disclaimed any right, title, or interest in the Blackswain Property. (Dkt. No. 5.) On June 4, 2013, defendant Harvey Abernathy filed an answer. (Dkt. No. 7.) On June 10, 2013, defendant Julie Abernathy filed an answer. (Dkt. No. 9.)

On June 20, 2013, plaintiff filed a request for entry of default as to defendants Colorado Compensation Insurance Authority and the State of California Employment Development Department. (Dkt. No. 13.) The Clerk of the Court entered default as to those two defendants on

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

June 24, 2013. (Dkt. No. 14.) On September 18, 2013, plaintiff filed a request for entry of default as to defendant Superior Electric Supply Co. (Dkt. No. 20.) The Clerk of the Court entered default as to that defendant on September 19, 2013. (Dkt. No. 21.)

Plaintiff filed the motion for default judgment now pending before the court on September 23, 2013, and it first came for hearing before the undersigned pursuant to Local Rule 302(c)(19) on November 8, 2013. (Dkt. Nos. 22 & 25.) Despite being served with all papers filed in connection with plaintiff's motion for default judgment (Dkt. No. 22 at 3; Dkt. No. 23 at 3; Dkt. No. 24 at 3) there was no opposition to the motion for default judgment filed by defendants Colorado Compensation Insurance Authority, the State of California Employment Development Department or Superior Electric Supply Co., (collectively "defaulting defendants"), nor did any of the three defaulting defendants appear at the November 8, 2013 hearing on plaintiff's motion for default judgment.[3]

Thereafter, the hearing of plaintiff's motion for default judgment was continued to November 22, 2013. (Dkt. No. 25.) On November 18, 2013, plaintiff filed a supplemental memorandum, which was also served on the defaulting defendants.[4] (Dkt. No. 18.) On November 22, 2013, the matter again came on for a hearing of plaintiff's motion before the undersigned and again there was no appearance by any defendant.

/////

/////

---

[3] While every defendant in this case was served by plaintiff with the motion for default judgment, (Dkt. No. 22 at 3), such service generally is not required on defendants who have been held in default. See FED. R. CIV. P. 55(b)(2) (requiring that written notice of an application for default judgment be served upon the party against whom judgment is sought only if that party "has appeared in the action"); Local Rule 135(d) (excusing parties from serving documents submitted to the court upon "parties held in default for failure to appear" unless a document asserts new or additional claims for relief against the defaulting parties). Nonetheless, out of an abundance of caution, plaintiff prudently served every defendant with all papers related to the pending motion for default judgment.

[4] Plaintiff's supplemental memorandum contains a declaration from Ralph Roberts, an advisor to defendant the State of California Employment Development Department, stating that the federal tax liens asserted by the United States in this action have priority over the state tax lien held by the State of California Employment Development Department against defendant Harvey Abernathy. (Dkt. No. 20-1 at 2.)

LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

ANALYSIS

I.   Whether Default Judgment Should Be Entered

According to the complaint, on December 10, 2001, and April 14, 2003, an authorized delegate of the Secretary of the Treasury made timely assessments against defendant Harvey Abernathy for federal trust fund recovery penalties pursuant to 26 U.S.C. § 6672 for his willful

failure to collect, account for, and pay over FICA and income taxes withheld from the employees of Crosswhite, Inc.[5]  (Compl. (Dkt. No. 1) at 4.)

Despite timely notice and demand for payment, defendant Harvey Abernathy failed to fully pay the amount of the assessments.  (Id. at 5.)  Accordingly, on September 7, 2006 and February 8, 2013, the Internal Revenue Service recorded a Notice of Federal Tax Lien against defendant Harvey Abernathy.  (Id. at 6.)  Pursuant to I.R.C. § 7403 plaintiff is entitled to a decree of sale of the Blackswain Property to enforce its tax liens.  (Id.)

Accordingly, the complaint seeks, in relevant part, an order finding that defendant Harvey Abernathy is indebted to the United States in the amount of $1,081,205.99 pursuant to valid federal tax liens, and ordering that the Blackswain Property be sold to satisfy those liens, with the court to determine the validity and priority of all liens on and interests in the Blackswain Property.[6]  (Id. at 7.)

By the motion for default judgment, as supplemented by the November 18, 2013 filing, plaintiff seeks an order finding that defendants Colorado Compensation Insurance Authority, aka Pinnacol Assurance, and Superior Electric Supply Co., a division of Rose Electric Supply, Inc., hold no interest in the Blackswain Property, and that defendant the State of California Employment Development Department's interest in the Blackswain Property is inferior to the federal tax liens.  (MDJ (Dkt. No. 22-1) at 14-15; Pl.'s Supp. (Dkt. No. 26) at 3.)

Weighing the factors outlined by the court in Eitel, 782 F.2d at 1471-72, the undersigned has determined that entry of default judgment against the defaulting defendants is appropriate. The defaulting defendants have made no showing that the failure to respond to the complaint is

/////

/////

/////

---

[5] Defendant Harvey Abernathy was the president of Crosswhite, Inc.  (Coml. (Dkt. No. 1) at 4.)

[6] As noted above, plaintiff and defendants Harvey and Julie Abernathy have recently filed a stipulated motion for judgment with the court.  Pursuant to that stipulation, judgment would be entered against defendant Harvey Abernathy and in favor of the United States in the amount of $1,110,957.708 for unpaid federal trust fund recovery penalties.  (Dkt. No. 60-1 at 2.)

due to excusable neglect.[7] Plaintiff's complaint is sufficient, and there is no reason to doubt the merits of the substantive claims.[8] In light of the defaulting defendants' failure to appear, the lack of opposition to plaintiff's claims and the proposed stipulated judgment, there is no possibility of a dispute concerning the material facts underlying the action. Moreover, through the instant motion, plaintiff seeks no damages. While recognizing the public policy favoring decisions on the merits, the court finds that a decision on the merits has been rendered impossible by the actions of the defaulting defendants. Because these factors weigh in plaintiff's favor, the undersigned will therefore recommend that plaintiff's motion for default judgment be granted.[9]

II.     Terms of the Judgment

After determining that default judgment is warranted, the court must next determine the terms of the judgment. Any relief granted may not be different in kind from, or exceed in amount, what is demanded in the complaint. FED. R. CIV. P. 54(c).

I.R.C. § 7401, authorizes the Department of Justice to institute proceedings seeking to collect or recover federal taxes. In addition, I.R.C. § 7403(a) provides that the United States may bring a civil action in a district court to enforce a federal tax lien where a taxpayer has refused or neglected to pay any federal tax with respect to any such federal tax lien or to subject any

---

[7] As noted above, an advisor for defendant the State of California Employment Development Department has provided a declaration, essentially, in support of plaintiff's supplemental memorandum.

[8] This is particularly true in light of the stipulated motion for judgment filed on August 4, 2014. (Dkt. No. 60.)

[9] "Rule 54(b) specifies that 'when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.'" In re First T.D. & Inv., Inc., 253 F.3d 520, 531-32 (9th Cir. 2001). Here, plaintiff has reached a stipulated judgment with the only defendants who have appeared in this action and there is no risk of inconsistent judgments or factually meritless default judgments. Accordingly the undersigned finds that there is no just reason for delay. See Federal Trade Commission v. Springtech, 77376 LLC, No. C-12-4631 PJH (EDL), 2013 WL 5955395, at *5 (N.D. Cal. Oct. 28, 2013) ("Here, entry of final judgment under Rule 54(b) against Defaulting Defendants is appropriate. If the District Court enters Plaintiff's proposed order, the claims against Defaulting Defendants will be resolved, and there is no just reason for delay. Plaintiff has already settled with Defendants Glassel and Chemical Free Solutions. This case does not present a danger of piecemeal appeals.").

property in which the taxpayer has any right, title, or interest to the payment of such federal tax or liability. See also Stead v. United States, 419 F.3d 944, 946 (9th Cir. 2005) ("When a taxpayer fails to pay his or her federal individual income tax, a lien in favor of the government arises by operation of law on the taxpayer's property and rights to property, whether held by the taxpayer or by a third party.").

I.R.C. § 7403(b) requires the United States to name as defendants in any action brought under I.R.C. § 7403(a) all persons who have liens upon or who are claiming an interest in the property involved in the action. Further, I.R.C. § 7403(c) provides that after all parties have been duly notified of an action brought under I.R.C. § 7403, the court shall proceed to adjudicate all matters involved in the action and finally determine the merits of all claims to and liens upon the property. Finally, § 7403(c) provides that in all such actions wherein a claim or interest of the United States is established, the court may decree a sale of such property and a distribution of the proceeds of such sale according to the findings of the court as to the interests of the parties and the United States. See also United States v. Padilla, No. CIV-S-01-2300DFL-GGH, 2004 WL 2827891, at *1 (E.D. Cal. Oct. 25, 2004) ("After determining the validity of competing claims to the property, the court 'may' decree the sale of such property.") (citing IRC § 7403(c)).

Here, the defaulting defendants were named in the complaint. The complaint explicitly requested, as part of the relief sought, that this court "determine the validity and priority of all liens on and interests in the Subject Property and order that the proceeds from any judicial sale of such property be distributed accordingly." (Compl. (Dkt. No. 1) at 7.) Each of the defaulting defendants was served with a copy of the complaint and elected to not appear in this action.[10]

Accordingly, consistent with the relief requested by the complaint and plaintiff's motion for default judgment, the undersigned will recommend that the district court order that neither defendant Colorado Compensation Insurance Authority, aka Pinnacol Assurance, nor defendant Superior Electric Supply Company, a division of Rose Electric Supply, Inc., has an interest in the

---

[10] As noted above, an advisor for defendant the State of California Employment Development Department did provide a declaration in support of the representations made in plaintiff's supplemental memorandum.

7

Blackswain Property.  Moreover, the undersigned will also find that the interest of defendant the State of California Employment Development Department in the Blackswain Property by virtue of its state tax lien is inferior to that of the United States by virtue of its federal tax liens.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (Dkt. No. 22) be granted;

2. The district court enter a default judgment against defendant the State of California Employment Development Department, defendant Colorado Compensation Insurance Authority, aka Pinnacol Assurance, and defendant Superior Electric Supply Company, a division of Rose Electric Supply, Inc.;

3. The district court order that neither defendant Colorado Compensation Insurance Authority, aka Pinnacol Assurance, nor defendant Superior Electric Supply Company, a division of Rose Electric Supply, Inc., has an interest in the Blackswain Property; and

4. The district court order that the interest of defendant the State of California Employment Development Department in the Blackswain Property by virtue of its state tax lien is inferior to that of the United States by virtue of its federal tax liens.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 18, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD6
Ddad1\orders.civil\U.S.v.abernathy0590.mdj.f&rs.docx