IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:13-cv-00590-KJM-DAD |
|     Plaintiff, ) | |
| ) | **JUDGMENT** |
|     v. ) | |
| ) | |
| HARVEY M. ABERNATHY; JULIE D. ) | |
| ABERNATHY; STATE OF CALIFORNIA ) | |
| EMPLOYMENT DEVELOPMENT ) | |
| DEPARTMENT; LIVINGSTON & ) | |
| MATTESICH LAW CORP.; SUPERIOR ) | |
| ELECTRIC SUPPLY CO. a division of ) | |
| ROSE ELECTRIC SUPPLY, INC.; ) | |
| COLORADO COMPENSATION ) | |
| INSURANCE AUTHORITY AKA ) | |
| PINNACOL ASSURANCE; and SAN ) | |
| JOAQUIN COUNTY, ) | |
| ) | |
|     Defendants. ) | |

Pursuant to the stipulations of the United States of America, Harvey M. Abernathy and Julie D. Abernathy, the stipulated disclaimers of interest at Docket Numbers 4 and 5, and the Motion for Default Judgment filed by the United States, it is ORDERED AND ADJUDGED as follows:

1.	Judgment is entered in favor of the United States and against Defendant Harvey M. Abernathy, individually, in the amount of $1,110,957.70, for unpaid federal trust fund recovery penalty liabilities for the tax periods ending September 30, 2000, December 31, 2000, March 31, 2001 and June 30, 2001, plus additional interest accruing from December 31, 2013, pursuant to 28 U.S.C. §1961(c)(1) and 26 U.S.C. § 6621;

2.	The United States has valid federal tax liens for the unpaid federal trust fund recovery penalty assessments at issue in this action, being $1,110,957.70 as of December 31, 2013, for the tax periods ending September 30, 2000, December 31, 2000, March 31, 2001 and June 30, 2001, plus additional interest pursuant to 28 U.S.C. §1961(c)(1) and 26 U.S.C. § 6621 accruing from December 31, 2013, against all property and rights to property belonging to Harvey M. Abernathy;

3.	The tax liens referred to in paragraph 2 above attach to Harvey M. Abernathy's interest in the real property located at 9472 Blackswain Place, Stockton, CA 95219, situated in the County of San Joaquin, State of California (the "Blackswain Property"), which is more particularly described as follows:

> All that portion of Lot 2 as shown on the plat of the Twin Creeks Estate Unit No. 1 filed in Book of Maps and Plats, Vol. 30, Page 25, San Joaquin County Records, a portion of Section 7, Township 2 North, Range 6 East, Mount Diablo Base and Meridian, described as follows:
>
> Beginning at the Northwest corner of said Lot 2 on the Southerly right of way line of Otto Drive as shown on said plat; thence along said right of way line 65.93 feet along the arc of a 4553.10 foot radius curve to the left through a central angle of 00° 49' 47" subtended by a chord which bears North 79° 18' 36" East 65.93 feet; thence South 10° 35' 37" East 107.01 feet to the Northerly right of way line of Blackswain Place as shown on said plat; thence along the right of way line of said place, the following two courses:
>
> 1)	23.70 feet along the arc of a 50.00 foot radius curve to the right through a central angle of 27° 09' 10" subtended by a chord which bears North 79° 19' 59" West 23.47 feet;

2)   30.48 feet along the arc of a 47.00 foot radius curve to the left through a central angle 37° 39' 02" subtended by a chord which bears North 84° 19' 37" West 29.94 feet; thence North 20° 14' 36" West 91.29 feet to the point of beginning.

NOTE: Said property is also known as Parcel One as shown on that certain record survey filed for record July 3, 1990 in Book of Surveys, Book 31, Page 65, San Joaquin County Records.

4. The tax liens referred to in paragraph 2 above, attach to three-quarters (3/4) of the value of the Blackswain Property, which three-quarters (3/4) is either Harvey M. Abernathy's individual property or community property of Harvey M. Abernathy and Julie D. Abernathy, and the tax liens do not attach to one-quarter (1/4) of the value of the Blackswain Property, which one-quarter (1/4) is Julie D. Abernathy's individual property.

5. Pursuant to the Stipulated Disclaimers of Interest (Docket Nos. 4 & 5), it is ADJUDGED that Defendants Livingston & Mattesich Law Corp. and San Joaquin County have no interest in the Blackswain Property.

6. Pursuant to the order on the United States' Motion for Default Judgment, it is ADJUDGED that Defendants State of California Employment Development Department, Superior Electric Supply Co. a division of Rose Electric Supply, Inc., and Colorado Compensation Authority aka Pinnacol Assurance, have no interest in the Blackswain Property.

7. This Court retains jurisdiction over this action to enforce the terms of the settlement agreement.  If necessary, the United States is entitled to enforce its federal tax liens against the portion of the Blackswain Property to which its tax liens attach by selling the Blackswain Property under 28 U.S.C. § 2001, pursuant to further order of this Court, with Julie D. Abernathy retaining the right to her one-quarter interest in the proceeds of such sale subject to

any liens that also attach to her one-quarter interest.  The United States may do so by filing a motion for entry of an Order of Sale in this action.

IT IS SO ORDERED.

DATED: November 4, 2014.

_____
UNITED STATES DISTRICT JUDGE